FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

DEC 2009

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS BROWN, | :: | CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| SUPREME COURT OF COBB | :: | CIVIL ACTION NO. |
| COUNTY; PATRICIA ABBOTT, | :: | 1:09-CV-3148-TWT |
| Esq.; and PROBATION OFFICE OF | :: | |
| COBB COUNTY, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, Dennis Brown, has filed the instant pro se civil rights action. (Doc. 1). The matter is now before the Court for a 28 U.S.C. § 1915(e) frivolity screening and Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2). A review of Plaintiff's financial affidavit reveals that he currently has insufficient funds to pay the filing fee. Accordingly, Plaintiff's request to proceed in forma pauperis is **GRANTED**.

### I. The Standard of Review for Screening *In Forma Pauperis* Actions

Title 28 U.S.C. § 1915(e)(2)(B) requires a federal court to review and dismiss an in forma pauperis complaint if the court determines that the action (1) is frivolous, malicious or fails to state a claim on which relief may be granted or (2) seeks

AO 72A
(Rev.8/82)

monetary relief against a defendant who is immune from such relief. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," not merely "conceivable"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual

allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff alleges that, on September 24, 2008, he was arrested and charged with theft by conversion and issuing a bad check. (Doc. 1 ¶ IV). According to Plaintiff, his trial was set for March 31, 2009, despite there being no witnesses or physical evidence. (Id.). Plaintiff further maintains that he was never indicted, and the police officer did not report for the trial date. (Id.). Plaintiff contends that his attorney, Patricia Abbott, forced him to accept probation "with a racial threat." (Id.). Specifically, counsel told Plaintiff that he would not "see day light nigger-boy." (Id.). Plaintiff is currently on probation and asks this Court to award him monetary relief. (Id. ¶ V).

To recover damages for an allegedly unconstitutional conviction, a § 1983 plaintiff must first demonstrate that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). If this type of action is brought prior to the invalidation of the

allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff alleges that, on September 24, 2008, he was arrested and charged with theft by conversion and issuing a bad check. (Doc. 1 ¶ IV). According to Plaintiff, his trial was set for March 31, 2009, despite there being no witnesses or physical evidence. (Id.). Plaintiff further maintains that he was never indicted, and the police officer did not report for the trial date. (Id.). Plaintiff contends that his attorney, Patricia Abbott, forced him to accept probation "with a racial threat." (Id.). Specifically, counsel told Plaintiff that he would not "see day light nigger-boy." (Id.). Plaintiff is currently on probation and asks this Court to award him monetary relief. (Id. ¶ V).

To recover damages for an allegedly unconstitutional conviction, a § 1983 plaintiff must first demonstrate that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). If this type of action is brought prior to the invalidation of the

AO 72A
(Rev.8/82)

challenged conviction or sentence, it must, therefore, be dismissed as premature. Id. at 487. In this case, Plaintiff has not alleged that his conviction or sentence has been reversed or otherwise called into question.

To the extent that Plaintiff seeks to attack his conviction and sentence, he may file a 28 U.S.C. § 2254 habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Plaintiff, however, must first exhaust his state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). This Court declines to construe this action as a § 2254 petition because it appears that Plaintiff has not exhausted his available state remedies.

AO 72A
(Rev.8/82)

### III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED** this _30_ day of _November_, 2009.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)